UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO

GEORGE EMMANUEL TRIKILIS,    )    CASE NO. 5:06 CV 405
    )
        Plaintiff,    )    JUDGE JAMES S. GWIN
    )
    v.    )
    )    <u>MEMORANDUM OF OPINION</u>
CHRISTOPHER CAVANOUGH, <u>et al.</u>    )    <u>AND ORDER</u>
    )
        Defendants.    )

On February 22, 2006, plaintiff <u>pro se</u> George Emmanuel Trikilis filed this action under 42 U.S.C. § 1983 against Christopher Eric Cavanough, David Edward Wright, Travis Colonious, Donald G. Ensor, Earl Hastings, Lisa F. Cranston, Adam Innocenti, Anthony Martin, Jeffrey Barnes, Kevin English, Daniel Kohler, Jason Sciberling, Swinehardt, Dolamore, Hassinger, Hatton, Mish, Linda Kosckic, Thom Huggins, the Medina County Jail, and Medina County.  In the complaint, plaintiff alleges that he was assaulted by corrections officers in the Medina County Jail. He seeks $7,000,000.00.

### *Background*

Mr. Trikilis alleges that he was physically assaulted on February 4, 2006 by Medina County Jail Corrections Officers Ensor, Hastings, Cranston, Wright, Cavanough, Innocenti, Martin,

Barnes, English, Kohler, Seiberling, and Swinehardt. He states one of the officers tried to "sucker punch" him and then sprayed him with two canisters of mace. He indicates he was kicked in the face and slammed onto the concrete causing him to hit his head on the floor. He claims defendants Mish, Koscic, and Huggins failed to provide him with prompt medical care. Mr. Trikilis alleges he was never seen by a physician although he had an abrasion and a possible head injury.

Mr. Trikilis further contends that he was punished for the altercation. He indicates that defendants Colonious, Dolamore, Hassinger, and Hatton "aided in the action of the cruel and unusual punishment and personal injury." (Compl. at 3.) Mr. Trikilis claims Defendant Hassinger issued an order which kept him in his cell shackled, changed and handcuffed 24 hours per day for eight days. He states that these actions affected his civil rights. Mr. Trikilis also asserts that Medina County Jail officials violated the Freedom of Information Act by failing to turn over the investigator's reports and videotape evidence.

### *Analysis*

A prisoner must allege and show that he has exhausted all available administrative remedies before filing a civil rights action in federal court to challenge the conditions of his confinement. 42 U.S.C. §1997e; Wyatt v. Leonard, 193 F.3d 876, 878 (6th Cir. 1999); Brown v. Toombs, 139 F.3d 1102, 1104 (6th Cir. 1988), cert. denied, 525 U.S. 833 (1998). To establish that he exhausted his remedies prior to filing suit, the prisoner must plead his claims with specificity and show that he has exhausted his administrative remedies with respect to each allegation against each defendant by attaching to the complaint a copy of the applicable administrative dispositions or, in the absence of written documentation, describing with specificity the administrative proceedings and their outcomes. Knuckles-El v. Toombs, 215 F.3d 640, 642 (6th Cir. 2000). The prisoner must

2

exhaust each specific claim against each defendant named in the complaint to satisfy the exhaustion requirement.  See Curry v. Scott, 249 F.3d 493, 504-05 (6th Cir. 2001).  Moreover, the prisoner must specifically grieve allegations of retaliation or conspiracy against the defendants he names in his complaint.  Garrison v. Walters, No. 00-1662, 2001 WL 1006271 (6th Cir. Aug. 24, 2001); Curry, 249 F.3d at 504-05.  In the absence of such particularized averments concerning exhaustion, the action must be dismissed.  Id.

Mr. Trikilis has not demonstrated that he has exhausted his administrative remedies for each claim against each defendant. He includes multiple allegations against multiple defendants and must show that he has exhausted each claim against each defendant before this case can proceed.  The United States Sixth Circuit Court of Appeals adopted a "total exhaustion" requirement for prisoner complaints which fall within the parameters of 42 U.S.C. §1997e.  See Bey v. Johnson, 407 F.3d 801 (6th Cir. 2005).  Under this rule, if any claim in the complaint has not been exhausted, the entire complaint must be dismissed for failure to exhaust administrative remedies.  Bey, 407 F.3d at 806-07.  Mr. Trikilis has not attached copies of relevant grievances and includes only general statements of exhaustion in his pleadings which give no indication of which of his multiple claims were exhausted and which defendants were named in these grievances.  General allegations of exhaustion are not sufficient to satisfy the mandates of § 1997e.  Curry, 249 F.3d at 504-05.  The inmate bears the burden of establishing exhaustion of administrative remedies.  Brown, 139 F.3d at 1104.  Mr. Trikilis has not satisfied that burden.

### Conclusion

Accordingly, this action is dismissed without prejudice pursuant to 42 U.S.C. §

1997e.  The court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision

could not be taken in good faith.[1]

IT IS SO ORDERED.


Dated: April 26, 2006                                          _s/_ _James S. Gwin_____
                                                              JAMES S. GWIN
                                                              UNITED STATES DISTRICT JUDGE

---

[1]        28 U.S.C. § 1915(a)(3) provides:

An appeal may not be taken in forma pauperis if the trial court certifies that it is not
taken in good faith.

4